## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA CONSULEO ALVAREZ, and ROSA BARAJAS<br>PLAINTIFFS<br><br>v.<br><br>TRANSPORTES REGIOMONTANOS, INC, d/b/a AUTOBUSES REGIOMONTANOS INTERNACIONALES,<br><br>&<br><br>REUBEN GONZALEZ AND JOHN DOE<br><br>DEFENDANTS | |

## COMPLAINT

**I.  JURISDICTION**

Jurisdiction is founded upon diversity of citizenship of the parties pursuant to 28 U.S.C.§1342, in that Plaintiffs, , are residents of the Commonwealth of Pennsylvania, and the nation of Mexico, and Defendants are citizens and residents of the State of Texas and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

This Court has supplemental jurisdiction over the state law claims in this case pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy.

**II.  VENUE**

This court has diversity jurisdiction over this matter as the defendant regularly and habitually conducts business in Pennsylvania and the Plaintiffs in this action reside in Pennsylvania.  *Proof of Pennsylvania Service*, attached hereto as Exhibit

"A".  Venue is proper in this Court pursuant to 28 U.S.C. § 1332 (a), in that there exists complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy far exceeds the sum of $75,000, exclusive of interests and costs.

**III.   PARTIES**

    1.  Plaintiff, Maria Consuelo Alvarez resides in Coatesville, Chester County, Pa.

    2.  Plaintiff, Rosa Barajas resides in Kennett Square, Chester County, Pa.

    3.  Defendants, upon information and belief, the Defendant, Transportes Regiomontanos, Inc., d/b/a Autobuses Regiomontanos Internacionales (hereinafter referred to as Defendant "Transportes"), is upon information and belief, a corporation, organized and existing under the laws of the State of Texas, with its principal office located at 1902 San Bernardo Ave, Laredo, TX 78040, but which can be served at numerous other locations throughout the USA at which it maintains offices.

    4.  Defendants RUBEN GONZALEZ & JOHN DOE are and at all relevant times were employees of Transportes. and at all times were acting within the scope of their employment.  Gonzalez has an address of 412 Larga Vista Road, Laredo, Texas.

    5.  The Defendant in this case is a common carrier who is required by law to use a higher degree of care for the safety of its passengers than that ordinarily imposed on others.  This duty obligates the carrier to use the highest degree of diligence and care in the operation of its vehicle or train and the

maintenance of its equipment and faculties. Any failure of the Defendant to use such care under all of the circumstances of the particular situation in this case is negligence.

6. When used herein, unless otherwise set forth, the term Plaintiff shall include all Plaintiffs. The term Defendant or Defendants shall include all and any agents, servants, employees or workers of the Defendant or Defendants.

## IV. FACTS

7. Transportes is in the business of transporting humans on long distance buses which pick up passengers at multiple points in Mexico and, after crossing the border, drop off passengers at multiple locations throughout the USA, and likewise on return trips picks up passengers at multiple locations in the USA and drives them to multiple locations in Mexico.

8. The journeys often last many long days, and Transportes employs teams of drivers on its buses who take turns driving its international buses 24-7 as they travel from and to remote corners of Mexico to and from small towns in the USA, such as Kennett Square, Pa.

9. However, Transportes buses do not have beds, nor fully reclining seats, hence its team drivers are often tired and not well rested before relieving their co drivers.

10. Upon information and belief, on January 22, 2020, the Reuben Gonzalez, or John Doe, had been on duty driving more than 10 hours and/or had not taken 8 hours off duty before assuming command of the bus on the date in question and fell asleep at the wheel prior to careening out of control and crashing.

11. Defendants, Reuben Gonzalez and John Doe, were permissive users of this bus and were an employees and or agent of Defendant, Transportes , acting within the course and scope of their employment.

12. Defendants Reuben Gonzalez and/or John Doe were negligent.

13. Defendant Transportes is vicariously liable for the negligence of Defendants Reuben Gonzalez, and/or John Doe.

14. Defendant Transported was negligent.

15. Defendant Reuben Gonzalez and/or John Doe were negligent as they:

A. Operating a bus at a high, dangerous and reckless speed under the circumstances, and or in driving too fast under the circumstances

B. Failing to have the bus under proper control

C. In that the driver were inattentive and failed to maintain a sharp lookout of the road and the surrounding traffic conditions

D. In failing to properly inspect bus for any mechanical defects

E. In violating the various statutes and municipal ordinances pertaining to the operation to the operation of motor vehicles on public thoroughfares under the circumstances

F. In driving and or operating the bus in a negligent, careless and/or reckless manner under the circumstances

G. In operating a bus in a manner not consistent with the traffic and/or road and weather conditions prevailing at the time;

H. In driving in a manner which the defendant knew or should have known endangered the safety of his passengers and pedestrians

I. In violating the rules of the road and or in driving carelessly and recklessly.

J. In entering an intersection and or turning in a negligent manner

K. In falling below the standard of care of a reasonable driver

L. In falling below the standard of care of a of a reasonable professional Driver.

M. In operating the bus negligently.

N. In failing to give warning.

O. In driving while fatigued and or without prior food or rest.

P.   In not following rules, regulations and or guidelines and or in not promulgating rules, regulations and guidelines.

16. Defendant Transportes negligence was:

A. In not training, testing and or supervising the driver, and or in doing so in a negligent manner.

B. In allowing an unqualified driver and or a driver with a record of prior accidents, moving violations or DUI to operate the vehicle if this was the case.

C. In not training and or supervising the driver and or in doing so in a negligent manner.

D. In not promulgating, training in, publishing and or enforcing rules, regulations and or guidelines and or in not promulgating rules, regulations and guidelines.

E. Negligent hiring and or retention.

F. Negligent entrustment of the bus.

17.   The accident was factually caused by the joint and/or several negligence and/or recklessness of the Defendants, and was in no way caused by the Plaintiffs.

18.   The negligence of the Defendants was and is a factual cause of and or the sole and proximate cause of at least the following damages, injuries and or losses of Plaintiff, Maria Consuelo Alvarez:

A.   Serious injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche trauma, aches and pains, pain and suffering and or other injuries.

B. Past Medical Expenses.

C. Future Medical Expenses.

D. Past Lost Earnings and Lost Earnings Capacity.

E. Future Loss of Earnings and Lost Earning Capacity.

F. Past Pain and Suffering.

G. Future Pain and Suffering.

H. Past Embarrassment and Humiliation.

I. Future Embarrassment and Humiliation.

J. Past Loss of Ability to Enjoy the Pleasures of Life.

K. Future Loss of Ability to Enjoy the Pleasures of Life.

L. Disfigurement.

M. Loss of Consortium.

N. Emotional Distress.

O. Property Damage.

P.  Incidental costs.

19. The negligence of the Defendants was and is a factual cause of and or the sole and proximate cause of at least the following damages, injuries and or losses of Plaintiff, Rosa Barajas:

A. Serious injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche trauma, aches and pains, pain and suffering and or other injuries.

B. Past Medical Expenses.

C. Future Medical Expenses.

D. Past Lost Earnings and Lost Earnings Capacity.

E. Future Loss of Earnings and Lost Earning Capacity.

F. Past Pain and Suffering.

G. Future Pain and Suffering.

H. Past Embarrassment and Humiliation.

I. Future Embarrassment and Humiliation.

J. Past Loss of Ability to Enjoy the Pleasures of Life.

K. Future Loss of Ability to Enjoy the Pleasures of Life.

L. Disfigurement.

M. Loss of Consortium.

N. Emotional Distress.

O. Property Damage.

P.  Incidental costs.

20. Plaintiffs have no personal or household auto insurance and Defendant Transportes is liable and responsible for first party benefits, including for medical bills.

21. Plaintiffs demands in this Complaint that Transportes pay all medical bills payable as first party benefits.

22. The conduct of the defendants was outrageous. The conduct of the defendants was malicious, wanton, willful and or oppressive and or the defendants' conduct showed a reckless indifference to the interests of others. This conduct includes the violation of law set forth in this complaint and or defendant's prior record of accidents, moving violations, law and or negligent conduct. It also includes Defendant's failure to pay first party medical bills and to respond to Plaintiffs' repeated requests or to even send forms needed for this. Therefore, plaintiffs request punitive damages in addition to compensatory damages. Punitive damages is warranted by the defendants' driving history and violations of the motor vehicle/criminal code of

the state of Maryland, and/or driving in violation of the regulations governing bus drivers propagated by Federal Motor Carrier Safety Administration ("FMCSA"). *See*, https://www.fmcsa.dot.gov/regulations/hours-service/summary-hours-service-regulations.

**COUNT ONE
ALL PLANTIFFS v. ALL DEFENDANTS
NEGLIGENCE**
(against all Defendants)

23. Paragraphs 1 through 22 are incorporated herein and restated in full as if verbatim.

**WHEREFORE**, Plaintiffs brings this action against Defendant to recover damages in a sum in excess of Seventy Five thousand dollars ($75,000), plus interest, costs, and delay damages AND PUNITIVE DAMAGES.

**COUNT TWO
ALL PLANTIFFS v. TRANSPORTES
VICARIOUS LIABILITY FOR NEGLIGENCE OF BUS DRIVER DEFENDANTS**
(against all Defendants)

24. Paragraphs 1 through 23 are incorporated herein and restated in full as though set forth verbatim.

**WHEREFORE**, Plaintiffs brings this action against Defendant to recover damages in a sum in excess of Seventy Five thousand dollars ($75,000), plus interest, costs, and delay damages AND PUNITIVE DAMAGES.

**COUNT THREE
ALL PLAINTIFFS V. TRANSPORTES
FIRST PARTY BENEFITS**
(against all Defendants)

25. Paragraphs 1 through 24 are incorporated herein and restated in full as though set forth verbatim.

**WHEREFORE**, Plaintiffs brings this action against Defendant to recover damages in a sum in excess of Seventy Five thousand dollars ($75,000), plus interest, costs, and delay damages AND PUNITIVE DAMAGES.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues raised by these pleadings.

Respectfully submitted

/s/ Philip Downey
Philip A. Downey
Attorney for Plaintiffs